Wilmington Sav. Fund Socy., FSB v Aquaranto (2024 NY Slip Op 50341(U))

[*1]

Wilmington Sav. Fund Socy., FSB v Aquaranto

2024 NY Slip Op 50341(U)

Decided on March 29, 2024

Civil Court Of The City Of New York, Queens County

Sanchez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 29, 2024
Civil Court of the City of New York, Queens County

Wilmington Savings Fund Society, FSB 
 as Owner Trustee of the Residential Credit Opportunities Trust V-D, Petitioner(s),

against
Dominick Aquaranto; Debra Ann Gitlitz; Dominick Q Quaranto; Melissa Musacchio; 
 "John" "Doe"; "Jane" "Doe", Respondent(s).

Index No. LT-315745-22/QU

Friedman Vartolo LLP 
85 Broad Street, Suite 501
New York, NY 10004
Attorneys for Petitioner
aleaf@friedmanvartolo.com
evictions@friedmanvartolo.com
Law Offices of Augustin D. Tella
89-08 Sutphin Boulevard
Jamaica, NY 11435
Attorney for Respondent-Dominick A. Quaranto
tellalaw@gmail.com

Enedina Pilar Sanchez, J.

Motion Sequence No. 1- NYSCEF Doc No. 1-22
This is a summary holdover proceeding predicated upon a 10-day notice to quit. Respondent seeks to vacate a default judgment of possession which was entered after inquest.
Respondent's Motion
On the first court date, January 19, 2023, respondent Dominick A. Quaranto appeared by counsel, the Law Offices of Augustin D. Tella. The case was adjourned for resolution. Movant states that it planned to negotiate a settlement of the underlying foreclosure. On the adjourned date, respondent's counsel did not appear, and the case was adjourned to September 20, 2023 for an inquest. On the inquest date respondent's counsel did not appear, an inquest ensued and at the conclusion of the inquest, petitioner was granted a final judgment of possession.
Attorney Tella affirms that due to a law office failure, the case was inadvertently not calendared by his office for him to appear in court. The law office missed the first adjourned date. As a result of missing the adjourned date, the law office was not notified of the subsequent inquest date and counsel also missed the inquest date. Upon respondent learning of the warrant of eviction, when he received a Marshal's notice of eviction, counsel for respondent moved the court by order to show cause to vacate the default judgment.
Petitioner's Opposition
Petitioner argues that respondent does not show an excusable default or meritorious [*2]defense. Further, it argues that counsel does not provide detailed allegations of fact that explain the failure to appear to support a claim of law office failure.
Discussion and Conclusion
Respondent's counsel shows that after his law office appeared, the case was not calendared by his office. The failure to calendar this case and the failure to file a Notice of Appearance caused counsel's office to miss the subsequent adjourned date and the inquest date.
CPLR § 2005 provides: Upon an application satisfying the requirements of subdivision (d) of section 3012 or subdivision (a) of rule 5015, the court shall not, as a matter of law, be precluded from exercising its discretion in the interests of justice to excuse delay or default resulting from law office failure.
While there may not have been an excuse for the failure to file a Notice of Appearance, yet this is what happened, and as a result the default ensued. There are numerous law office actions that could have caused this event. Absent the Notice of Appearance counsel would not see a court notice thorough NYSCEF. This is a critical reason why the Notice of Appearance is so important. As the Law Offices of Attorney Tella did not get notice of the court date and had not filed a Notice of Appearance, the court proceeded with the inquest and petitioner obtained a warrant of eviction. Respondent received the warrant of eviction and then called his attorney.
"A court may, in the exercise of its discretion, accept law office failure as a reasonable excuse" [Davis v 574 Lafa Corp., 206 AD3d at 615; see CPLR 2005], Crudele v. Price, 218 AD3d 534, 535 [2d Dept 2023] The Appellate Division examined the procedural history of that matter and determined that counsel's excuse was not a credible explanation since the court had emailed all counsel regarding the conference. Moreover, and unlike the application of Attorney Tella, there the attorney who was seeking to vacate the default had called the opposing counsel and had confirmed that the conference was calendared.
Here, the law offices of Attorney Tella did not get a notice from the court, or a call from the opposing counsel or a notice of entry after the inquest was held and the form order issued. Even if Attorney Tella were not ultimately retained, after that first appearance, the respondent would have been a pro-se litigant and should have been given notice of the order after the inquest.
The court finds that a law office failure caused the default. Respondent's affidavit asserts potential defenses and Attorney Tella shows a law office failure. The goal is to resolve disputes on the merits and thereby give both sides an opportunity to address the dispute before the court.
Accordingly, it is,
ORDERED that Respondent's Order to Show Cause is granted and the default judgment and warrant of eviction are vacated, however, upon respondent's failure to appear and upon petitioner's oral application, the default judgment and warrant shall be reinstated, and it is,
ORDERED that the Law Offices of Augustin Tella is to file a Notice of Appearance and an Answer to NYSCEF by no later than April 9, 2024.
This matter will appear on the SPP calendar, Room 404, on April 10, 2024 at 9:30 am for all purposes. This Decision/Order will be filed to NYSCEF.
This constitutes the Decision/Order of the court.
Dated: March 29, 2024
Queens, New York
SO ORDERED,
Hon. ENEDINA PILAR SANCHEZ
JHC